IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHUA TILAHUN,

    Plaintiff,

v.

MICHAEL F. GOWER, et al.,

    Defendants.

Case No. 6:16-cv-00070-AC

ORDER

HERNÁNDEZ, Chief Judge.

Plaintiff, an adult in custody at the Oregon State Penitentiary ("OSP"), brings this civil rights action *pro se*. Currently before the court are plaintiff's Motions for Immediate Injunction. For the reasons that follow, the court DENIES plaintiff's motions.

## BACKGROUND

Plaintiff brings this action against several Oregon Department of Corrections ("ODOC") employees, contractors, and officials. His Amended Complaint alleges violation of his rights under the Fourteenth Amendment Equal Protection Clause and his right to be free from cruel and unusual punishment under the Eighth Amendment based upon claims of denial of medical care related to the discontinuance of a pain reliever (Neurontin) and denial of treatment for facial

1 - ORDER

injuries, improper mental health treatment, and improper housing accommodations in violation of his rights under 42 U.S.C. § 1983.

Plaintiff seeks injunctive relief in the form of an order enjoining defendants from placing plaintiff in a multiple-occupant cell, citing mental and emotional wellbeing and a history of physical altercations with cell partners. Defendants submit evidence that plaintiff has not been in a physical altercation with another inmate since 2010, and, in any event, is currently housed in a single cell, and there is no indication that he will be housed in a multiple-occupant cell in the future. *See* Decl. of Tonya Gushard, ECF No. 68, Decl. of Ken Stepp, ECF No. 87; Decl. of Dennis Long, ECF No. 144.

Plaintiff also seeks an an order requiring defendants to reinstate a prescription for Effexor. In support of this motion, plaintiff states that:

> Defendants recently canceled plaintiff's prescription for antidepressant medication because of defendants' claim that plaintiff was not taking the medication appropriately. However, even if it were true that plaintiff were not taking the medication appropriately (which plaintiff does not concede), it is not a clinically sound response for defendants to cancel plaintiff's medication. Plaintiff continues to suffer from clinical depression, for which defendants are obligated to treat plaintiff.

Plaintiff does not submit any evidence in support of his claim. Defendants submit evidence that plaintiff has a history of inappropriate medication use, that his Effexor was discontinued as a result of that, and, in any event, medications are not necessary to treat plaintiff's mental health concerns. *See* Decl. of Donald Dravis, M.D., ECF No. 145.

## **LEGAL STANDARDS**

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v.*

*Nat. Res. Def Council, Inc.*, 555 U.S. 7, 20 (2008); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015); *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013). In the Ninth Circuit, a plaintiff also may obtain injunctive relief if there are serious questions going to the merits, the balance of hardships tips sharply in his favor, and the remaining two *Winter* factors are satisfied. *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018). If a plaintiff fails to demonstrate a likelihood of success on the merits or serious questions going to the merits, the court need not address the remaining factors. *Garcia*, 786 F.3d at 740.

An abstract potential for injury is not enough to support equitable relief; a plaintiff must show that the injury or threat of injury is real and immediate, not conjectural or hypothetical. *Los Angeles v. Lyon*, 461 U.S. 95, 102 (1983). Moreover, where a plaintiff seeks a mandatory injunction which goes beyond maintaining the status quo, he must demonstrate that the facts and law clearly favor an injunction. *Id*.; *see also Am. Freedom Defense Initiative v. King Cty.*, 796 F.3d 1165, 1173 (9th Cir. 2015) (mandatory injunctions are disfavored and will not be entered in doubtful cases). Finally, where an individual in custody seeks a preliminary injunction with respect to prison conditions, such relief, if granted, "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2).

## DISCUSSION

As noted, defendants submit evidence that plaintiff is currently housed in a single cell, and there is no indication that he will be housed in a multiple-occupant cell in the future. Plaintiff submits no evidence to the contrary. As such, plaintiff has not established that the

3  - ORDER

threat of injury is real and immediate, not conjectural or hypothetical, and is not entitled to injunctive relief.  *Los Angeles*, 461 U.S. at 102.

Plaintiff also is not entitled preliminary injunctive relief in the form of an order requiring defendants to reinstate his prescription medication, as he has not submitted any evidence establishing a likelihood of success on the merits of this claim.  In order to prevail on a claim of denial of medical care in violation of the Eighth Amendment, a plaintiff must demonstrate both (1) the existence of serious medical needs, and (2) that prison medical personnel acted with deliberate indifference to those needs.  *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle*, 429 U.S. at 104).  Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  In the absence of any evidence, plaintiff's conclusory statement does not establish defendants are violating his Eighth Amendment rights.

## **CONCLUSION**

For these reasons, the court DENIES plaintiff's motions for preliminary injunction (ECF Nos. 31, 59, 81, and 93).

IT IS SO ORDERED.

~~DATED this _____ day of March, 2021.~~
April 1, 2021

*Marco Hernández*
Marco A. Hernández
Chief United States District Judge